

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT
# EASTERN DIVISION

### CIVIL RIGHTS COMPLAINT

ROLAND DUNHAM II, PRESIDENT
KIMBLY ARNOLD, CABINET SEC.

    In Pro Per Plaintiff(s)

vs.                                    CASE NO._____

LIONS CLUBS INT.ASSOC,

SUSAN FISHER, GOVERNOR,

DAVID KINGBURY, GENERAL COUNSEL,

PAM GRASHMA, BILLING COORDINATOR

TRE BROWN, LION CLUB MEMBER

SWEET POTATOE SOCIETY CORP.

FLORESIA ALLEN, CEO/FOUNDER

NEW LONDON COMMUNITY MEAL CENTER, CORP.

MARYANN MARTINES, EXECUTIVE DIRECTOR

STEP UP CORPORATION, TRINA CHARLES, EXECUTIVE DIRECTOR
          Defendant(s)

### A. PARTIES

1. Roland Dunham II is a citizen of the State of Connecticut who presently resides at 29
   Barnard Street, Unit 1 New London, CT. 06324.

2. Kimbly Arnold is a citizen of the State of California who presently resides at 1611 Carlton Ave. Modesto, California, 95350.

3. Defendant(s) Lion Clubs International is a register corporation and or an association of and municipality of the state of Connecticut and may be served with process by service whose address is 366 Ash Street, Unit 13, Willimantic for the following employee Susan Fisher, Governor of Lion Clubs International; and Pam Grashma, Billing Coordinator are individuals at the time of the claims(s) alleged in this complaint arose, the defendants were acting under the color of state law.

4. Defendant David Kingsbury, General Counsel; is a citizen of the State of Illinois whose address is 300 W 22nd Street, Lombard, IL 90148, an individual at the time of the claims(s) alleged in this complaint arose, the defendants were acting under the color of state law.

5. Lee R. Brown, III, Lion Club member and is a citizen of the State of Connecticut whose address is 81 Overlook Ave., New Brenton Ct. 0605, an individual at the time of the claims(s) alleged in this complaint arose, the defendants were acting under the color of state law.

6. Defendant Floresia V. Allen is a citizen of the State of Connecticut whose address is 254 Rocksberry Road, Niantic Ct. 06357 who is the Founder of Sweet Potato Society Inc., the individuals at the time of the claims(s) alleged in this complaint arose, the defendants were acting under the color of state law.

7. The Defendant New London Community Meal Center is a citizen of the State of
   Connecticut whose address is 12 Montauk Avenue, New London, CT 06320 who is the
   employer of the Defendant MaryAnn Martinez, PhD, Executive Director, an individual at
   the time of the claims(s) alleged in this complaint arose, each defendant was acting under
   the color of state law.

8. Defendant Step Up New London is a citizen of the State of Connecticut whose address is
   106 Truman Street, New London, Ct. 06320 who is the employer of Trina Charles, an
   individual who is employed as Executive Director at the place of her employment and at
   the time of the claims(s) alleged in this complaint arose, each defendant was acting under
   the color of state law.

## B. JURISDICTION

This is an action to recover actual, compensatory, liquidated, and punitive damages under
42 U.S.C. § 1981 and 42 U.S.C. § 1983. Jurisdiction also is invoked pursuant to 28
U.S.C. § 1343(a)(3), (4) Plaintiff shows the Court the following:

I.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, under the
Rehabilitation Act of 1973, under 42 U.S.C. § 1981, under 42 U.S.C. § 1983, Section
1983 authorizes private civil suits for the deprivation of any rights, privileges, or
immunities secured by the Constitution and federal laws. In these suits, Section 1983
provides the substantive cause of action and Section 1343 grants the federal courts
jurisdiction and its jurisdictional provisions under 42 U.S.C. § 1343.

III.

Plaintiffs frequently rely on Section 1343 to bring suits in federal court under 42 U.S.C. §1983, racial discrimination, suffrage restrictions, unconstitutional public practices, and restrictions on access to other public assistance.

## IV. STATEMENT OF FACTS

9. On or about July 22, 2022, at this time the President of New London Black Heritage Club *__Lions International Club Code of Ethic__*, and their Conflict of Interest Transaction and Relationship policy was being inserted by the Plaintiff Roland Dunham II, against the Defendant Floresia Allen, Founder of Sweet Potatoes Society impromptu-to membership transfer request to be transferred from New London Ct that was denied bring rise to deprivation of any rights and privileges the following controversy:

   a. Misappropriation of Funds in the amount of $1000.00 and request for monies for back to schoolbook drive monies to be returned is when Lion Member Kirk Engel requested that communication be cease and desist. A true copy of this conversation is marked as Exhibit A.

   b. Breach of community fund-raising for a raffle drive consisted of two tablets and a partnership with AT&T, including spoiled grant collaboration project.

   c. Making false entries or making false statements on records or books.

10. Defendants' Lions International refused to enforce the conflict-of-interest policy in comparison to the Plaintiff position were in violation of the Equal Rights Protection Clause of the United States Constitution, Amendment Fourteen and 42 U.S.C. § 1981.

11. Plaintiff suffers from glaucoma and is required to take medication every day to keep from having his vision clouded. Plaintiff's impairment substantially limits his major life activity of seeing. However, Plaintiff is fully capable of performing his old position of sanitation truck driver or working in the water department or street department where he had previously been employed.

## V. NATURE OF THE CASE

12. Defendants Susan Fisher and David Kingsbury the District Governor's and General Counsel refused to ensure that-the same goal and objectives in providing club support, fundraiser support and support for outreach donation services were not being provided to the only newly Black Heritage Lion Club in New London, CT. Lions and Leos but force the Plaintiff to accept unconstitutional transferring on members not being in good standing constitutes discrimination on of historical  in violation of the Race Discrimination Claims Under 42 U.S.C § 1981.

## VI. CAUSE OF ACTION

## CLAIM I. FREEDOM OF EXPRESSION

## (Against All Defendants, 42 U.S.C §1983)

13. I allege and that the following Defendants Lion Club International District General Counsel David Kingsbury, Susan Fisher, MaryAnn Martinez, Trina Charles, and Lee Brown, Pam Graham, in their official capacities, are liable pursuant to 42 U.S.C. § and the First Amendment to the United States by enforcing or implementing or delegating final decision over acts that deprived, and continue to deprive, Plaintiff of his and her rights to freedom of expression.

14. On or about April 7, 2021, in the matter of New London Lions Club logo sufficiently complying with the association Trademark Policy was approved for the Plaintiff Roland Dunham to use by the Lions Club Defendant David Kingsbury in a confirmation email approving the Plaintiff Logo creativities for the Black Community. (See Exhibit B).

15. On July 26, 2022, the Plaintiffs Roland Dunham President and Kimbly Arnold, Secretary Chairperson denied Florias Allen the former New Lions Club Members requested to transfer to Niantic Lions Club located in Niantic CT, each Plaintiffs held a meeting on July 24, 2022 and determine the Defendant Florias Allen club performance was in violation of LCI Constitutional Bylaw policy and ruled the Defendant Florias Allen was not in good standing and did not meet the requirement allowing the Defendant to transfer.

16. On August 9, 2022, Michael Munson from helping District 23-B was denied access to Black network and connection based on his program my compromises the club's integrity in his request to turn over inside network. (See Exhibit C).

17. On August 9, 2022, the Defendant David Kingbury. General Counsel, from the Legal Division informed the each Plaintiffs that the Defendant had received complaints from members of "your community" regarding video display on behalf of the New London Black Heritage Lion Club, and a initial matter of use of the Lion Logo is inconsistent with the policies and procedures set forth by the International Board of Directors, and Defendant David Kingbury, revoke creative logo expression previously given to the Plaintiff Roland Dunham II, the Defendant Kingbury, also demanded that the logo be "removed on or before August 9, 2022 the same day the email was received, and the same day Mr. Munson filed his complaint. The Plaintiff Kimbly Arnold asked for the name(s)

of the community member(s) raising concerns with the Legal Division on the actions of
the Lions Club will not be provided in order to protect the privacy of the individual.

18. On August 10, 2022, the Defendant Susan Fisher, sent an email to the Plaintiff Roland
Dunham II, seeking to confirm that Floresia Allen will be able to send the dues she owed
before she was dropped to your club treasure, and that once those dues are received you
will change her status to dropped in good standing."? The Plaintiff Roland Dunham
responded to Defendant Susan Fisher by saying "No she will not leave in good standing
she has abandoned projects and has club property. Until that is returned, she will not leave
in good standing."

19.  The most recent false statement made by international representatives was made by
Defendant Pam Grasham, who wrote to several member stating the following in most
recent email " your club was cancelled on October 7, 2022, "for failure to pay
international dues and all members were dropped. At this point the club could not receive
credit for your dues as they were never paid".  (See Exhibits C).

## VII. CAUSE OF ACTION

### CLAIM II. FREEDOM OF EXPRESSION

### (Against Defendant David Kingbury, 42 U.S. C. §1983)

20. On August 22, 2022, the Plaintiff Kimbly Arnold experienced discrimination or Civil
Rights Violation while at work at the Peoplesharm. (mer Protection Service and the DOJ
attorney Jessica Polansky working together to on extensive investigation pursuant to Title
II of the Americans with Disability Act of 1990, I received an email from accusing me of
(1) unlawful legal practices (2) illegally disclosing personal medical information; (3)
demand that the video that I never posted or had any knowledge regarding unwillingness

or inability to comply with association policy in wish the Defendant David Kingbury, sought to cause me personal or professional harm.(See Exhibit D)

21. On August 23, 2022, each of the Plaintiff(s) notified Defendant David Kingsbury of their intention to file a Discrimination and Civil Right claim against Lion Club International, and Defendant Susan Fisher, David Kingbury, Florias Allen, Lee Brown for retaliation, racial targeting and social media harassment preventing the black community from receiving equal service and protection under the law. (See Exhibit E).

22. On October 6, 2022, the Defendant(s) Lion Club International and their attorney Amalia Romano, Staff Attorney, Legal Division and International Board of Directors conduct a enclosed meeting regarding the Plaintiff alleging the following (1) logo violation; (2) lack of leadership; (3) inability to rectify policy violations; including receiving (4) several complaints from members in the community; (5) failure to meet the obligation of the club being placed on status quo; including, Lion Club members alleging bias and threatening litigation would cause a substantial harm to the association image in the New London community and therefore the New London Black Heritage Lions Club was cancelled.

23. The act of Lion Club International Board without a hearing at any stage, thus depriving the plaintiff of due process in violation of the Fourteen Amendment to the United States Constitution and 42 U.S.C.§1983. (See Exhibit F).

24. The punishment imposed on plaintiff was excessive, violating due process rights of plaintiff guaranteed by the Fourteen Amendment to the United States Constitution and 42 U.S.C.§1983.

25. As a direct and proximate result of the actions of the defendants, plaintiff has suffered damages, including but not limited to:

a. Plaintiff was compelled to curtail activity and speech that is protected by First and Fourteenth Amendments to the United States Constitution.

b. Plaintiff was punished for exercising his First Amendment right outside of the club premises.

c. Plaintiff was suspended from club activities for 10 or more days resulting in Plaintiff returning monies gained from fundraising events and activities.

d. The public backlash, humiliation, and irreparable negative consequences on Plaintiff future as the Plaintiff seeks to new members to join the club.

e. The disruption of the Plaintiff profession work force to serve the public over the negative effect on Plaintiff reputation. Plaintiff is entitled to reasonable legal expenses and cost for damages occurred.

## VII. CAUSE OF ACTION

### CLAIM II. COMMON COUNTS OF
### CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS VIOLATION
### (Against Defendant Trina Charles and MaryAnn Martinez)
### (42 U.S.C. §1983 AND 28 U.S.C. § 1343 Action for Damages or
### other Relief Because of deprivation of Civil Rights)

### FIRST CLAIM FOR RELIEF

### FACTS

26. The Plaintiff allegation consist of Defendants Trina Charles exhibiting fraudster-impromptu behavior and strategies in order to capitalize of the Jacksonville Mississippi Natural Water Disaster and unlawful attempts to capitalize on the misfortune of black victims by collecting false donation of any kind was an alarming practice to the Plaintiff Roland Dunham II.

27. On September 6, 2022, Plaintiff Roland Dunham became skeptical of the Defendant Trian Charles, the individual representing Step-Up New London soliciting donation for the Mississippi water project just for her family.

28. On September 13, 2022, the Plaintiff Roland exchanged project fundraising collection ideals for donation with the Defendant Trina Charles strictly on the behalf of entire Jacksonville Mississippi residence and not just specifically for Trina Charles family.

29. The Plaintiff Roland Dunham II, place a phone called to the Plaintiff Kimbly Arnold to confirm the unlawful action or behavior of the Defendants Trina Charles actually attempting to defraud the vulnerable residence of Mississippi through theft of disaster-related fraud project scams.

30. The Plaintiff Kimbly Arnold, cordially and respectfully introduced herself and asked if the collaboration with Step-Up New London and the Lions Club were partnering together on the Mississippi water project?

31. Here: during this conversation with the Defendant Trina Charles, state to me that she will not be interest in doing the water collection project with the lion's club as she has family there as well and I said the Defendant could continue with her collection project without the Plaintiff Roland Dunham support.

32. The Plaintiff Kimbly Arnold, attest to the Defendant Trina Charles unlawful action or conduct and behavior are actionable in the Defendant Trina Charles letter dated September 20, 2022, emailed to the Lions International General Council damaging the good reputation of both Plaintiffs Kimbly Arnold and Roland Dunham under Connecticut defamation act of publicly making or distributing false statement of facts about the Plaintiffs Kimbly Arnold and Roland Dunham II, were both Plaintiff seek monetary damages as the following

statements made by the Defendants where false, willfully, recklessly and negligently and was communicated to a third party where as follows:

    a.  "She started yelling at me through the phone" asking " why did I leave the club"

    b.  "What was my problem."

    c.  " He kept saying how the Lion named carried more weight than my organization and things would happen since he hard tie with Lowes and Walmart through the Lions"

    d.  "Since that Situation he has been harassing a staff member through text, putting information online to try and get people to not participate in a private viewing of new movie The Woman Kin which we have scheduled on September 25, 2022"

    e.  "Roland has bullied and harassed several people of color to join his club, which he has lost many members due to his behavior."

    f.  "He does not in anyway represent the black and brown community here in New London."

    g.  "We all feel that he has gone too far and is actually giving the Lions club a bad name in this area." "If he wants to do community projects he should do so on his own and not under your club" "he has spoke very badly about the Lions club being racist, not being understanding of the black community, and favoring the white Lions club but not supporting him."

    h.  "Nobody trusts him or his club." (See Exhibit G)

33. Plaintiffs have no plain, adequate, or complete remedy at law to redress these common counts of violations or their constitutional rights, and this suit for damages and adequate relief. No other remedy would offer plaintiffs substantial and complete protection from the

continuation of defendants falsely accusatory and defamatory unlawful and

unconstitutional acts, policies, and practices.

## VIII.
## PRAYER

Plaintiff prays for the following relief and request this court to grant:

A. A declaratory judgment that the policies, practices, and act complaint in this complaint are illegal and unconstitutional.

B. Compensatory damages for each individual Plaintiff in the amount of $550,000

C. All other reliefs that are appropriate, including costs and reasonable legal document service fees.

D.   Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, humiliation, shame, loss of self-esteem, fear embarrassment, depression, and injury to reputation or professional standing which plaintiff has suffered or may suffer in future.

E. Reasonable court appointed attorney's fees; and

F. An injunction ordering Defendant to immediately restore the Plaintiffs Roland Dunham Lions Club Good Standing Status.

## IX
## SECOND CLAIM FOR RELIEF

## FREEDOM OF EXPRESSION -DEPRIVATION OF RIGHTS

## UNDER COLOR OF LAW  42 U.S.C. §1983.

## (Against Defendant MaryAnn Martinez)

## FACTS

34. The Defendant MaryAnn Martinez, Executive Director who currently is a member of

"Meetup" a dating and finding friends and attending events where the Defendant has been

a member since 2003.

35. On or about September 24, 2022, the Defendant MaryAnn Martinez initiated a movie invitation to the Plaintiff Roland Dunham II, to view the latest movie "Women King" in which he Plaintiff Roland Dunham II, respectfully declined by respectfully requesting the Defendant MaryAnn Martinez, not to watch the movie stand with him as the Black Community was protesting the content portray slavery was not "misogyny" requesting the Defendant cease speaking with the Plaintiff Roland Dunham, about the "Woman King" movie to the Plaintiff as it is offensive.

36. On September 25, 2022, the Defendants MaryAnn Martinez together with the Defendant Trina Charles conspired together to deny and restrict the Plaintiff freedom of free expression in the designated form of public complaints to unlawfully impinge on the Plaintiffs rights and privileges afforded to other secular organization; because of the Defendants defamatory letters written to Lion Club International Board of Policy preventing the Plaintiff Roland Dunham, to regulate "New London Black Heritage Club" lineage base expression; personal race views or belief and or purposes and speech on the basis of its content.(See Exhibit H)

37. Defendant's action violates Plaintiffs right under the First and Fourteenth Amendments to the Constitution of the United States.

X

**NEED FOR EQUITABLE RELIEF**

38. Plaintiffs have no adequate remedy at law.

39. No prior application for injunctive relief has been made to any other court in connection with this action.

XI

## PRAYER

A. Damages in the sum of $500,000

B. Punitive damage in the sum of $500,000

C. All other relief that is just and right

D. Costs, disbursements, and legal fees pursuant to 42 U.S.C. §1988

## XII

## JURY DEMAND

Respectfully submitted,

Roland GA Dunham JI

**Plaintiff's Original Signature**

**Roland Dunham**                    **Kimbly Arnold**

(860)961-8813                        (510) 717-6208

Knightro8603@gmail.com               Pegservices092@gmail.com

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _434 NewPeriCAve. Suite102 Hartford, CT 06106_ on _5/2/23_.
(location)                                        (date)

**Plaintiff's Original Signature**

- 14 -

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☐ 3  Federal Question
  *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
  Defendant
- ☐ 4  Diversity
  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original
  Proceeding
- ☐ 2  Removed from
  State Court
- ☐ 3  Remanded from
  Appellate Court
- ☐ 4  Reinstated or
  Reopened
- ☐ 5  Transferred from
  Another District
  *(specify)*
- ☐ 6  Multidistrict
  Litigation -
  Transfer
- ☐ 8  Multidistrict
  Litigation -
  Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE                                    DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

JS 44 Reverse (Rev. 04/21)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT
## EASTERN DIVISION

### CIVIL RIGHTS COMPLAINT

ROLAND DUNHAM II, PRESIDENT
KIMBLY ARNOLD, CABINET SEC.
    In Pro Per Plaintiff(s)

vs.

CASE NO._____

LIONS CLUBS INT.ASSOC,

SUSAN FISHER, GOVERNOR,

DAVID KINGBURY, GENERAL COUNSEL,

PAM GRASHMA, BILLING COORDINATOR

TRE BROWN, LION CLUB MEMBER

SWEET POTATOE SOCIETY CORP.

FLORESIA ALLEN, CEO/FOUNDER

NEW LONDON COMMUNITY MEAL CENTER, CORP.

MARYANN MARTINES, EXECUTIVE DIRECTOR

STEP UP CORPORATION, TRINA CHARLES, EXECUTIVE DIRECTOR
    Defendant(s)

### A. PARTIES

1. Roland Dunham II is a citizen of the State of Connecticut who presently resides at 29 Barnard Street, Unit 1 New London, CT. 06324.

2. Kimbly Arnold is a citizen of the State of California who presently resides at 1611 Carlton Ave. Modesto, California, 95350.

3. Defendant(s) Lion Clubs International is a register corporation and or an association of and municipality of the state of Connecticut and may be served with process by service whose address is 366 Ash Street, Unit 13, Willimantic for the following employee Susan Fisher, Governor of Lion Clubs International; and Pam Grashma, Billing Coordinator are individuals at the time of the claims(s) alleged in this complaint arose, the defendants were acting under the color of state law.

4. Defendant David Kingsbury, General Counsel; is a citizen of the State of Illinois whose address is 300 W 22nd Street, Lombard, IL 90148, an individual at the time of the claims(s) alleged in this complaint arose, the defendants were acting under the color of state law.

5. Lee R. Brown, III, Lion Club member and is a citizen of the State of Connecticut whose address is 81 Overlook Ave., New Brenton Ct. 0605 an individual at the time of the claims(s) alleged in this complaint arose, the defendants were acting under the color of state law.

6. Defendant Floresia V. Allen is a citizen of the State of Connecticut whose address is 254 Rocksberry Road, Niantic Ct. 06357 who is the Founder of Sweet Potato Society Inc., the individuals at the time of the claims(s) alleged in this complaint arose, the defendants were acting under the color of state law.

7.  The Defendant New London Community Meal Center is a citizen of the State of Connecticut whose address is 12 Montauk Avenue, New London, CT 06320 who is the employer of the Defendant MaryAnn Martinez, PhD, Executive Director, an individual at the time of the claims(s) alleged in this complaint arose, each defendant was acting under the color of state law.

8.  Defendant Step Up New London is a citizen of the State of Connecticut whose address is 106 Truman Street, New London, Ct. 06320 who is the employer of Trina Charles, an individual who is employed as Executive Director at the place of her employment and at the time of the claims(s) alleged in this complaint arose, each defendant was acting under the color of state law.

### B.  JURISDICTION

This is an action to recover actual, compensatory, liquidated, and punitive damages under 42 U.S.C. § 1981 and 42 U.S.C. § 1983. Jurisdiction also is invoked pursuant to 28 U.S.C. § 1343(a)(3), (4) Plaintiff shows the Court the following:

I.

This Court has federal question jurisdiction under 28 U.S.C. § 1331, under the Rehabilitation Act of 1973, under 42 U.S.C. § 1981, under 42 U.S.C. § 1983, Section 1983 authorizes private civil suits for the deprivation of any rights, privileges, or immunities secured by the Constitution and federal laws. In these suits, Section 1983 provides the substantive cause of action and Section 1343 grants the federal courts jurisdiction and its jurisdictional provisions under 42 U.S.C. § 1343.

III.

Plaintiffs frequently rely on Section 1343 to bring suits in federal court under 42 U.S.C. §1983,
racial discrimination, suffrage restrictions, unconstitutional public practices, and
restrictions on access to other public assistance.

## IV. STATEMENT OF FACTS

9. On or about July 22, 2022, at this time the President of New London Black Heritage Club
*Lions International Club Code of Ethic,* and their Conflict of Interest Transaction and
Relationship policy was being inserted by the Plaintiff Roland Dunham II, against the
Defendant Floresia Allen, Founder of Sweet Potatoes Society impromptu-to membership
transfer request to be transferred from New London Ct that was denied bring rise to
deprivation of any rights and privileges the following controversy:

   a. Misappropriation of Funds in the amount of $1000.00 and request for monies for
   back to schoolbook drive monies to be returned is when Lion Member Kirk Engel
   requested that communication be cease and desist. A true copy of this
   conversation is marked as Exhibit A.

   b. Breach of community fund-raising for a raffle drive consisted of two tablets and a
   partnership with AT&T, including spoiled grant collaboration project.

   c. Making false entries or making false statements on records or books.

10.    Defendants' Lions International refused to enforce the conflict-of-interest policy in
comparison to the Plaintiff position were in violation of the Equal Rights Protection Clause
of the United States Constitution, Amendment Fourteen and 42 U.S.C. § 1981.

11.    Plaintiff suffers from glaucoma and is required to take medication every day to keep from having his vision clouded. Plaintiff's impairment substantially limits his major life activity of seeing. However, Plaintiff is fully capable of performing his old position of sanitation truck driver or working in the water department or street department where he had previously been employed.

### V. NATURE OF THE CASE

12.    Defendants Susan Fisher and David Kingsbury the District Governor's and General Counsel refused to ensure that-the same goal and objectives in providing club support, fundraiser support and support for outreach donation services were not being provided to the only newly Black Heritage Lion Club in New London, CT. Lions and Leos but force the Plaintiff to accept unconstitutional transferring on members not being in good standing constitutes discrimination on of historical  in violation of the Race Discrimination Claims Under 42 U.S.C § 1981.

### VI. CAUSE OF ACTION

### CLAIM I. FREEDOM OF EXPRESSION

### (Against All Defendants, 42 U.S.C §1983)

13. I allege and that the following Defendants Lion Club International District General Counsel David Kingsbury, Susan Fisher, MaryAnn Martinez, Trina Charles, and Lee Brown, Pam Graham, in their official capacities, are liable pursuant to 42 U.S.C. § and the First Amendment to the United States by enforcing or implementing or delegating final decision over acts that deprived, and continue to deprive, Plaintiff of his and her rights to freedom of expression.

14. On or about April 7, 2021, in the matter of New London Lions Club logo sufficiently complying with the association Trademark Policy was approved for the Plaintiff Roland Dunham to use by the Lions Club Defendant David Kingsbury in a confirmation email approving the Plaintiff Logo creativities for the Black Community. (See Exhibit B).

15. On July 26, 2022, the Plaintiffs Roland Dunham President and Kimbly Arnold, Secretary Chairperson denied Florias Allen the former New Lions Club Members requested to transfer to Niantic Lions Club located in Niantic CT, each Plaintiffs held a meeting on July 24, 2022 and determine the Defendant Florias Allen club performance was in violation of LCI Constitutional Bylaw policy and ruled the Defendant Florias Allen was not in good standing and did not meet the requirement allowing the Defendant to transfer.

16. On August 9, 2022, Michael Munson from helping District 23-B was denied access to Black network and connection based on his program my compromises the club's integrity in his request to turn over inside network. (See Exhibit C).

17. On August 9, 2022, the Defendant David Kingbury. General Counsel, from the Legal Division informed the each Plaintiffs that the Defendant had received complaints from members of "your community" regarding video display on behalf of the New London Black Heritage Lion Club, and a initial matter of use of the Lion Logo is inconsistent with the policies and procedures set forth by the International Board of Directors, and Defendant David Kingbury, revoke creative logo expression previously given to the Plaintiff Roland Dunham II, the Defendant Kingbury, also demanded that the logo be "removed on or before August 9, 2022 the same day the email was received, and the same day Mr. Munson filed his complaint. The Plaintiff Kimbly Arnold asked for the name(s) of

the community member(s) raising concerns with the Legal Division on the actions of the

Lions Club will not be provided in order to protect the privacy of the individual.

18. On August 10, 2022, the Defendant Susan Fisher, sent an email to the Plaintiff Roland

Dunham II, seeking to confirm that Floresia Allen will be able to send the dues she owed

before she was dropped to your club treasure, and that once those dues are received you

will change her status to dropped in good standing."? The Plaintiff Roland Dunham

responded to Defendant Susan Fisher by saying "No she will not leave in good standing

she has abandoned projects and has club property. Until that is returned, she will not leave

in good standing."

19.  The most recent false statement made by international representatives was made by

Defendant Pam Grasham, who wrote to several member stating the following in most

recent email " your club was cancelled on October 7, 2022, "for failure to pay

international dues and all members were dropped. At this point the club could not receive

credit for your dues as they were never paid".  (See Exhibits C).

## VII. CAUSE OF ACTION

## CLAIM II. FREEDOM OF EXPRESSION

### (Against Defendant David Kingbury, 42 U.S. C. §1983)

20. On August 22, 2022, the Plaintiff Kimbly Arnold experienced discrimination or Civil

Rights Violation while at work at the personal harm. (CustomerbProtection Service and

the DOJ Attorney Jessica Polansky working together to on extensive investigation

pursuant to Title II of the Americans with Disability Act of 1990, I received an email from

accusing me of (1) unlawful legal practices (2) illegally disclosing personal medical

information; (3) demand that the video that I never posted or had any knowledge

regarding unwillingness or inability to comply with association policy in wish the
Defendant David Kingbury, sought to cause me personal or professional harm.(See
Exhibit D)

21. On August 23, 2022, each of the Plaintiff(s) notified Defendant David Kingsbury of their
intention to file a Discrimination and Civil Right claim against Lion Club International,
and Defendant Susan Fisher, David Kingbury, Florias Allen, Lee Brown for retaliation,
racial targeting and social media harassment preventing the black community from
receiving equal access service and protection under the law. (See Exhibit E).

22. On October 6, 2022, the Defendant(s) Lion Club International and their Attorney Amalia
Romano, Staff Attorney, Legal Division and International Board of Directors conduct a
enclosed meeting regarding the Plaintiff alleging the following (1) logo violation; (2) lack
of leadership; (3) inability to rectify policy violations; including receiving (4) several
complaints from members in the community; (5) failure to meet the obligation of the club
being placed on status quo; including, Lion Club members alleging bias and threatening
litigation would cause a substantial harm to the association image in the New London
community and therefore the New London Black Heritage Lions Club was cancelled.

23. The act of Lion Club International Board without a hearing at any stage, thus depriving
the plaintiff of due process in violation of the Fourteen Amendment to the United States
Constitution and 42 U.S.C.§1983. (See Exhibit F).

24. The punishment imposed on plaintiff was excessive, violating due process rights of
plaintiff guaranteed by the Fourteen Amendment to the United States Constitution and 42
U.S.C.§1983.

25. As a direct and proximate result of the actions of the defendants, plaintiff has suffered

damages, including but not limited to:

    a.  Plaintiff was compelled to curtail activity and speech that is protected by First and

        Fourteenth Amendments to the United States Constitution.

    b.  Plaintiff was punished for exercising his First Amendment right outside of the

        club premises.

    c.  Plaintiff was suspended from club activities for 10 or more days resulting in

        Plaintiff returning monies gained from fundraising events and activities.

    d.  The public backlash, humiliation, and irreparable negative consequences on

        Plaintiff future as the Plaintiff seeks to new members to join the club.

    e.  The disruption of the Plaintiff profession work force to serve the public over the

        negative effect on Plaintiff reputation. Plaintiff is entitled to reasonable legal

        expenses and cost for damages occurred.

## VII. CAUSE OF ACTION

### CLAIM II. COMMON COUNTS OF
### CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS VIOLATION
### (Against Defendant Trina Charles and MaryAnn Martinez)
### (42 U.S.C. §1983 AND 28 U.S.C. § 1343 Action for Damages or
### other Relief Because of deprivation of Civil Rights)

### FIRST CLAIM FOR RELIEF

### FACTS

26.  The Plaintiff allegation consist of Defendants Trina Charles exhibiting

fraudster-impromptu behavior and strategies in order to capitalize of the Jacksonville

Mississippi Natural Water Disaster and unlawful attempts to capitalize on the misfortune of

black victims by collecting false donation of any kind was an alarming practice to the Plaintiff Roland Dunham II.

27.     On September 6, 2022, Plaintiff Roland Dunham became skeptical of the Defendant Trian Charles, the individual representing Step-Up New London soliciting donation for the Mississippi water project just for her family.

28.     On September 13, 2022, the Plaintiff Roland exchanged project fundraising collection ideals for donation with the Defendant Trina Charles strictly on the behalf of entire Jacksonville Mississippi residence and not just specifically for Trina Charles family.

29.     The Plaintiff Roland Dunham II, place a phone called to the Plaintiff Kimbly Arnold to confirm the unlawful action or behavior of the Defendants Trina Charles actually attempting to defraud the vulnerable residence of Mississippi through theft of disaster-related fraud project scams.

30.     The Plaintiff Kimbly Arnold, cordially and respectfully introduced herself and asked if the collaboration with Step-Up New London and the Lions Club were partnering together on the Mississippi water project?

31.     Here: during this conversation with the Defendant Trina Charles, state to me that she will not be interest in doing the water collection project with the lion's club as she has family there as well and I said the Defendant could continue with her collection project without the Plaintiff Roland Dunham support.

32.     The Plaintiff Kimbly Arnold, attest to the Defendant Trina Charles unlawful action or conduct and behavior are actionable in the Defendant Trina Charles letter dated September 20, 2022, emailed to the Lions International General Council damaging the good reputation of both Plaintiffs Kimbly Arnold and Roland Dunham, II under Connecticut defamation act

of publicly making or distributing false statement of facts about the Plaintiffs Kimbly Arnold and Roland Dunham II, were both Plaintiff seek monetary damages as the following statements made by the Defendants where false, willfully, recklessly and negligently and was communicated to a third party where as follows:

a.  "She started yelling at me through the phone" asking " why did I leave the club"

b.  "What was my problem."

c.  " He kept saying how the Lion named carried more weight than my organization and things would happen since he hard tie with Lowes and Walmart through the Lions"

d.  "Since that Situation he has been harassing a staff member through text, putting information online to try and get people to not participate in a private viewing of new movie The Woman King which we have scheduled on September 25, 2022"

e.  "Roland has bullied and harassed several people of color to join his club, which he has lost many members due to his behavior."

f.  "He does not in anyway represent the black and brown community here in New London."

g.  "We all feel that he has gone too far and is actually giving the Lions club a bad name in this area." "If he wants to do community projects he should do so on his own and not under your club" "he has spoke very badly about the Lions club being racist, not being understanding of the black community, and favoring the white Lions club but not supporting him."

h.  "Nobody trusts him or his club." (See Exhibit G)

33. Plaintiffs have no plain, adequate, or complete remedy at law to redress these common counts of violations or their constitutional rights, and this suit for damages and adequate relief. No other remedy would offer plaintiffs substantial and complete protection from the continuation of defendants falsely accusatory and defamatory unlawful and unconstitutional acts, policies, and practices.

## VIII.
## PRAYER

Plaintiff prays for the following relief and request this court to grant:

A. A declaratory judgment that the policies, practices, and act complaint in this complaint are illegal and unconstitutional.

B. Compensatory damages for each individual Plaintiff in the amount of $550,000

C.    All other reliefs that are appropriate, including costs and reasonable legal document service fees.

D.    Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, humiliation, shame, loss of self-esteem, fear embarrassment, depression, and injury to reputation or professional standing which plaintiff has suffered or may suffer in future.

E.    Reasonable court appointed attorney's fees; and

F.    An injunction ordering Defendant to immediately restore the Plaintiffs Roland Dunham Lions Club Good Standing Status.

## IX
## SECOND CLAIM FOR RELIEF
## FREEDOM OF EXPRESSION -DEPRIVATION OF RIGHTS
## UNDER COLOR OF LAW  42 U.S.C. §1983.
### (Against Defendant MaryAnn Martinez)
### FACTS

34. The Defendant MaryAnn Martinez, Executive Director who currently is a member of "Meetup" a dating and finding friends and attending events where the Defendant has been a member since 2003.

35. On or about September 24, 2022, the Defendant MaryAnn Martinez initiated a movie invitation to the Plaintiff Roland Dunham II, to view the latest movie "Women King" in which he Plaintiff Roland Dunham II, respectfully declined by respectfully requesting the Defendant MaryAnn Martinez, not to watch the movie stand with him as the Black Community was protesting the content portray slavery was not "misogyny" requesting the Defendant cease speaking with the Plaintiff Roland Dunham, about the "Woman King" movie to the Plaintiff as it is offensive.

36. On September 25, 2022, the Defendants MaryAnn Martinez together with the Defendant Trina Charles conspired together to deny and restrict the Plaintiff freedom of free expression in the designated form of public complaints to unlawfully impinge on the Plaintiffs rights and privileges afforded to other secular organization; because of the Defendants defamatory letters written to Lion Club International Board of Policy preventing the Plaintiff Roland Dunham, to regulate "New London Black Heritage Club" lineage base expression; personal race views or belief and or purposes and speech on the basis of its content.(See Exhibit H)

37. Defendant's action violates Plaintiffs right under the First and Fourteenth Amendments to the Constitution of the United States.

## X

### NEED FOR EQUITABLE RELIEF

38. Plaintiffs have no adequate remedy at law.

39. No prior application for injunctive relief has been made to any other court in connection with this action.

**XI**

**PRAYER**

A. Damages in the sum of $500,000

B. Punitive damage in the sum of $500,000

C. All other relief that is just and right

D. Costs, disbursements, and legal fees pursuant to 42 U.S.C. §1988

**XII**

**JURY DEMAND**

**Respectfully submitted,**

_____

_____

**Plaintiff's Original Signature**

**Roland Dunham**                    **Kimbly Arnold**

**(860)961-8813**                    **(510) 717-6208**

Knightro860@gmail.com          Pcpservices092@gmail.com

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _____ on _____.
(location)                                              (date)
    **Plaintiff's Original Signature**

ⓘ **PACER Maintenance, 04/23/2023**

Our systems will undergo maintenance on <u>Sunday, April 23, 2023</u>, from 6:00
a.m. to 6:00 p.m. ET. Access to certain portions of this site may be temporarily
unavailable. — hHps.//pacer.uscourts.gou



An official website of the United States government.  Here's how you know ✓                        Log In to PACER Systems ⇥

— 800-616-6856- pacer@ psc.us
                                                                        courts@

# PACER - Case Search Only Registration

Payment Information

There is no registration fee. However, the Judicial Conference of the United States has
established a fee for access to information in PACER. All registered users will be charged as
follows:

- Use of PACER systems will generate a $.10 per-page charge and is capped at $3.00 for
single documents and case-specific reports that are more than 30 pages (e.g., docket
reports, creditor listings, and claims register). NOTE: The $3.00 cap does not apply to
search returns, reports that are not case specific, lists of cases, or transcripts.
- Audio files of court hearings retrieved via PACER will generate a $2.40 per-file charge.
- Judicial opinions accessed via PACER will not generate a charge.
- If your usage does not exceed $30 in a quarter, fees are waived.

**Providing a credit card is optional.** If you would like to register without providing a credit card,
click **Next** below without entering any information on this screen. For instant access to PACER,
we will validate the credit card information you provide here. There is no registration charge;
however, the credit card will be charged quarterly for any fees incurred. If you submit your
registration request without providing credit card information, you will receive an activation
code by U.S. mail in 7-10 business days.

* * Credit card data is optional here. However, if you do provide a credit card, the marked fields
below are required.

[VISA] [MasterCard] [AMEX] [DISCOVER]

Account Holder Name *        Kimberly Arnold                    ❓

Card Type *                  MasterCard                    ⌄

Account Number *             5597580130945990                  ❓

Card Expiration Date *       07  ⌄  /  2027  ⌄

☑  Use billing address

Address *                    1611 Carlton Ave